Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Frank P. Zabrosky Jr.
aka Frank P. Zabrosky, aka Frank Zabrosky
Victoria E. Zabrosky**
   Debtor(s)

Bankruptcy Case No.: 19–11164–TPA
Per June 9, 2020 Proceeding
Chapter: 13
Docket No.: 26 – 5, 20
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated November 22, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Midfirst Bank (Claim No. 16) .

☑ H.   Additional Terms: Capital One Auto (Claim No. 2) governs at 7% with payment to be determined by the Trustee.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: June 15, 2020

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                            United States Bankruptcy Court
                            Western District of Pennsylvania
In re:                                                              Case No. 19-11164-TPA
Frank P. Zabrosky, Jr.                                              Chapter 13
Victoria E. Zabrosky
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0315-1           User: jmar                   Page 1 of 2                  Date Rcvd: Jun 15, 2020
                               Form ID: 149                 Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 17, 2020.
db/jdb         +Frank P. Zabrosky, Jr.,    Victoria E. Zabrosky,    3631 Julie Court,    Erie, PA 16506-6009
15179887       +Erie Federal Credit Union,    3503 Peach St.,    Erie, PA 16508-2741
15161858       +Law Offices of Shapiro & DeNardo, LLC,    3600 Horizon Drive, Suite 150,
                 King of Prussia, PA 19406-4702
15192002       +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
15161859        Midland Mortgage,    A division of Mid First Bank,    PO Box 26648,
                 Oklahoma City, OK 73126-0648
15161860       +Mr. Cooper,    8950 Cypress Waters Blvd.,    Coppell, TX 75019-4620
15161861       +OneMain Financial,    2173 West 12th St.,    Erie, PA 16505-4804
15184731        UPMC Health Services,    PO Box 1123,    Minneapolis, MN 55440-1123
15185296        UPMC Physician Services,    PO Box 1123,    Minneapolis, MN 55440-1123

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 16 2020 04:25:47
                 Capital One Auto Finance, a division of Capital On,    4515 N Santa Fe Ave. Dept. APS,
                 Oklahoma City, OK 73118-7901
15161855        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 16 2020 04:26:28     Capital One,
                 PO Box 71083,   Charlotte, NC 28272-1083
15161856       +E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Jun 16 2020 04:25:49
                 Capital One Auto Finance,    7933 Preston Road,    Plano, TX 75024-2302
15168526       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Jun 16 2020 04:26:29
                 Capital One Auto Finance, a division of Capital On,    P.O. Box 4360,   Houston, TX 77210-4360
15176414        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 16 2020 04:25:46
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC  28272-1083
15161857        E-mail/PDF: creditonebknotifications@resurgent.com Jun 16 2020 04:37:42     Credit One,
                 PO Box 60500,   City of Industry, CA 91716-0500
15178469        E-mail/Text: G06041@att.com Jun 16 2020 04:29:44     Directv, LLC,
                 by American InfoSource as agent,    PO Box 5008,   Carol Stream, IL  60197-5008
15186611        E-mail/Text: JCAP_BNC_Notices@jcap.com Jun 16 2020 04:29:39     Jefferson Capital Systems LLC,
                 Po Box 7999,   Saint Cloud Mn 56302-9617
15166957        E-mail/PDF: resurgentbknotifications@resurgent.com Jun 16 2020 04:26:33     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
15180991        E-mail/PDF: cbp@onemainfinancial.com Jun 16 2020 04:27:10     ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
15178978        E-mail/PDF: cbp@onemainfinancial.com Jun 16 2020 04:25:45     ONEMAIN FINANCIAL SERVICES, INC.,
                 PO BOX 3251,   EVANSVILLE, IN 47731-3251
15161862        E-mail/PDF: cbp@onemainfinancial.com Jun 16 2020 04:25:44     OneMain Financial,   PO Box 64,
                 Evansville, IN 47701-0064
15189486       +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 16 2020 04:26:33     PYOD, LLC,
                 Resurgent Capital Services,    PO Box 19008,   Greenville, SC 29602-9008
15182389        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 16 2020 04:38:02     Verizon,
                 by American InfoSource as agent,    PO Box 4457,   Houston, TX  77210-4457
                                                                                              TOTAL: 14

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              MidFirst Bank
                                                                                               TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 17, 2020                                      Signature:  /s/Joseph Speetjens

```
District/off: 0315-1              User: jmar                  Page 2 of 2                  Date Rcvd: Jun 15, 2020
                                  Form ID: 149                Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 15, 2020 at the address(es) listed below:
          Gary V. Skiba     on behalf of Plaintiff Frank P. Zabrosky, Jr. gskiba@marshlaw.com,
           DGeniesse@marshlaw.com;rose227@hotmail.com
          Gary V. Skiba     on behalf of Joint Debtor Victoria E. Zabrosky gskiba@marshlaw.com,
           DGeniesse@marshlaw.com;rose227@hotmail.com
          Gary V. Skiba     on behalf of Debtor Frank P. Zabrosky, Jr. gskiba@marshlaw.com,
           DGeniesse@marshlaw.com;rose227@hotmail.com
          Gary V. Skiba     on behalf of Plaintiff Victoria E. Zabrosky gskiba@marshlaw.com,
           DGeniesse@marshlaw.com;rose227@hotmail.com
          James   Warmbrodt    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 7
```